# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Joseph A. James,<br><br>Defendant. | Case No. 15-cr-00255 (SRN)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Gregory G. Brooker and Bradley M. Endicott, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff.

Joseph Alan James, FCI Pekin, P.O. Box 019001, Pekin, Illinois 61554, pro se.

SUSAN RICHARD NELSON, United States District Judge

## I. INTRODUCTION

This matter is before the Court on Defendant-Petitioner Joseph A. James' Pro Se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 35] and his Pro Se Motion for Clarification [Doc. No. 38]. For the reasons set forth below, Defendant-Petitioner's § 2255 motion is denied and his Motion for Clarification is denied as moot.

## II. BACKGROUND

On September 18, 2015, the Government charged James by Information with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Information at 1 [Doc. No. 8].) James was represented by United States

Federal Defender Reynaldo Aligada throughout the underlying proceedings.  On October 1, 2015, James entered a guilty plea pursuant to a plea agreement with the Government. (Minute Entry of 10/1/15 [Doc. No. 12].)  In the Plea Agreement, he agreed that if the matter went to trial, the Government would prove beyond a reasonable doubt that he was a previously convicted felon from whom law enforcement officers seized seven firearms on or about July 7, 2015. (Plea Agmt. ¶¶ 1-2 [Doc. No. 14].)  Additionally, James agreed that the Government would prove beyond a reasonable doubt that he shot an outdoor automated teller machine (ATM) with one of the firearms on or about July 6, 2015.  (*Id.*) At the hearing in which his guilty plea was entered, James also admitted to shooting the ATM.

In the Plea Agreement, the Government and Defendant-Petitioner acknowledged that, in calculating the level for specific offense characteristics for sentencing, the Court would consider a four-level increase pursuant to Section 2K2.1(b)(6)(B) of the 2015 U.S. Sentencing Guidelines.  (*Id.* ¶ 6(b)).  This offense-level increase was based on Defendant-Petitioner's possession of one or more firearms in connection with another felony offense, (*id.*), namely, the shooting of the ATM.  The Government and Defendant-Petitioner agreed that the applicable advisory sentencing range for the felon-in-possession charge, under the Sentencing Guidelines, was 78-97 months.  (Gov't's Sentencing Position at 3 [Doc. No. 25]; Def.'s Sentencing Position at 1 [Doc. No. 24].)  The offense carries a statutory maximum of term of imprisonment of 10 years.  18 U.S.C. § 22(g)(1); 18 U.S.C. 924(a)(2).

At his March 25, 2016 sentencing hearing, James requested a 60-month sentence

(*see* Def.'s Sentencing Position at 1), while the Government requested a 97-month sentence. (See Gov't's Sentencing Position at 1.) Ultimately, this Court sentenced James to a prison term of 78 months. (Judgment at 2 [Doc. No. 30].) He did not directly appeal his sentence.

James now brings this timely motion to correct his sentence pursuant to 28 U.S.C. § 2255, asserting that: (1) the four-level sentencing enhancement under Section 2K2.1(b)(6)(B) is facially unconstitutional and was unconstitutionally applied to him, in violation of his due process rights under the Fifth Amendment and speedy trial rights under the Sixth Amendment, (Def.'s Mot. at 2–3); and (2) his counsel's failure to challenge this enhancement constituted ineffective assistance of counsel, in violation of the Sixth Amendment. (*Id.* at 4-5.) In addition, James seeks relief on a procedural basis. (Mot. for Clarification at 1; Def.'s Reply at 1 [Doc. No. 41].)

### III. DISCUSSION

#### A. Standard for Relief

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was with without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

While § 2255 generally affords relief, it is only available in limited circumstances. The Eighth Circuit has held that:

> [r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional

rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

*United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted). Beyond jurisdictional and constitutional errors, the permissible scope of § 2255 claims is "severely limited." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc).

## B.     Procedural Argument

The Court first considers Defendant-Petitioner's procedural argument. James asserts that the Government's response to his original § 2255 motion was improperly delivered, is void, and he is thus entitled to default relief. (Def.'s Reply at 1.) He relies on 28 U.S.C. § 2248, which states, "The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." This statute is inapplicable here. As is clear from Defendant-Petitioner's own filings, while the Government appears to have initially served a copy of its opposition memorandum on James' former counsel, James ultimately received a copy of the Government's opposition memorandum, (*see* Def.'s Mot. for Clarification at 1; Def.'s Mot. for Extension at 1 [Doc. No. 39]), which was timely filed. Moreover, James received an extension of time in which to file a reply memorandum. (Order of 4/18/17 [Doc. No. 40].) Accordingly, the Court denies the requested default

relief, denies as moot the Motion for Clarification,[1] and proceeds to address James' substantive arguments.

C. **Sentencing Enhancement**

Citing Justice O'Connor's dissenting opinion in *Blakely v. Washington*, 542 U.S. 296, 325 (2004), James argues that Section 2K2.1 of the Sentencing Guidelines has been found unconstitutional, as it unduly restricts judges' discretion in sentencing. (Def.'s Mot. at 3.) His argument is misplaced and fails to acknowledge subsequent, binding precedent. In *United States v. Booker*, 543 U.S. 220, 245 (2005), the U.S. Supreme Court held that sentencing courts were no longer bound by the mandatory application of the Sentencing Guidelines, but could instead consult them on an advisory basis without running afoul of the Sixth Amendment. Here, as permitted by law, the Court consulted the advisory Sentencing Guidelines in fashioning Defendant-Petitioner's sentence. Accordingly, to the extent that James presents a facial challenge to the constitutionality of Section 2K2.1, this argument affords no basis for relief.

Under Section 2K2.1(b)(6)(B) of the Sentencing Guidelines, a defendant may receive a four-level sentencing enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). This applies "if the firearm or ammunition facilitated, or had the potential of facilitating another felony offense or another offense, respectively." *Id.*, cmt. n.14.

---

[1] In his Motion for Clarification, James requested that the Court send him a copy of the Government's opposition memorandum and grant him additional time in which to respond. (Def.'s Mot. for Clarification at 1.)

Defendant-Petitioner claims that Section 2K2.1(b)(6)(B) is unconstitutional because it permits the sentencing of criminal conduct other than the crime of conviction, in violation of the Fifth Amendment's Due Process Clause. (Def.'s Mot. at 2–3; Def.'s Reply at 2.) He argues that the enhancement is only meant to apply to conduct that is "within [the] relevant conduct [for the offense of conviction] and not considered [a] separate felony offense[ ]," (Def.'s Reply at 2.) But the U.S. Supreme Court has consistently held that courts may consider a broad range of relevant conduct in order to impose an appropriate sentence. *United States v. Watts*, 519 U.S. 148, 151 (1997) (citations omitted). The relevant conduct provisions of the Sentencing Guidelines, "are sentencing enhancement regimes evincing the judgment that a particular offense should receive a more serious sentence within the authorized range if it was either accompanied by or preceded by additional criminal activity." *Witte v. United States*, 515 U.S. 389, 402 (1995). Considering other conduct at sentencing "does not mean that the defendant is now being punished for uncharged relevant conduct as though it were a distinct criminal offense." *Id.* Rather, where a particular range of punishment is statutorily authorized for a given crime, "the resulting sentence within that range constitutes punishment only for the offense of conviction. . . . *Id.* at 403-04. James contends that because his initial state court charge of first degree criminal damage to property was dropped, "this fact would mean that Petitioner is found to be innocent of the crime." (Def.'s Reply at 2.) The fact that charges were dropped is not dispositive of innocence, however, nor does it preclude the sentencing court from considering the conduct. *See Watts*, 519 U.S. at 156 (holding that at sentencing, judges may consider conduct of which

6

a defendant was acquitted).

James further claims a constitutional violation because the Government only established the sentencing-enhancing conduct of the ATM shooting by a preponderance of the evidence, instead of beyond a reasonable doubt. (Def.'s Mot. at 2.) However, under the now-advisory Sentencing Guidelines, the sentencing court need only find facts supporting a Guidelines enhancement by a preponderance of the evidence. *United States v. Smart*, 501 F.3d 862, 867 (8th Cir. 2007) (citations omitted). While James contends that the Government's evidence consisted of mere "hearsay," (Def.'s Mot. at 3), James himself agreed that if the case were to proceed to trial, the Government would prove that he shot the ATM *beyond a reasonable doubt*. (Plea Agmt. ¶ 2(a)) (emphasis added).

Also, while James argues that only the State of Minnesota can "enforce" state law, (Def.'s Reply at 2), again, he was not punished for violation of state law. "[C]onsideration of information about the defendant's character and conduct at sentencing does not result in 'punishment' for any offense other than the one of which the defendant was convicted. *Witte*, 515 U.S. at 403. The relevant conduct encompassed by Section 2K2.1(b)(6)(B) includes state law felony offenses, charged or uncharged. U.S.S.G. 2K2.1(b)(6)(B), cmt. n.14(C) (defining "another felony offense" as "any Federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained."). The four-level enhancement based on first degree property damage does not constitute an

impermissible adjudication of Minnesota state law by this Court.[2]

James further asserts that the state law offense in question, first degree damage to property, Minn. Stat. § 609.595, subd. 1(3) (2015), requires a showing of intent to act, which, he contends, was not established here. (Def.'s Mot. at 3.) The statute criminalizes the intentional damage to the physical property of another without their consent, in the first degree, if the damage "reduces the value of the property by more than $1,000 measured by the cost of repair and replacement." Minn. Stat. § 609.595, subd. 1(3) (2015). Despite the Government's video evidence showing James firing at it with a rifle and evidence of tampering with the ATM's cover, (Gov't's Opp'n Mem. at 1-2 [Doc. No. 37]), he asserts that at most, he "only randomly discharged a firearm in the vague direction of two buildings and never approached either supposed target." (Def.'s Mot. at 3-4.) He contends that his actions therefore could not meet the elements of first degree property damage, sufficient to be considered "another felony offense" under Section 2K2.1(b)(6)(B). (*Id.*) This assertion is belied by the record. As noted, James admitted in the Plea Agreement to having specifically shot at the ATM, (Plea Agmt. ¶ 2(a)), indicating that he "either ha[d] a purpose to do the thing or cause the result specified or believe[d] that the act performed . . . , if successful, [would] cause that

---

[2] James also asserts that because consideration of his conduct in damaging the ATM "greatly increased the range" of his sentence, the relevant facts must be tried to a jury. (Def.'s Reply at 2) (citing *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013)). In *Alleyne*, the case on which James relies, the U.S. Supreme Court held that any facts that increase the mandatory minimum sentence for a crime are to be considered "elements" of the crime to be determined by a jury, as opposed to "sentencing factors." 133 S. Ct. at 2155. Here, because James was not subject to a mandatory minimum sentence, this argument is inapplicable and provides no basis for relief.

result." *See* Minn. Stat. § 609.02, subd. 9(3)(2015) (providing definition of "intent."). Moreover, "intent" to damage property may be inferred from the circumstances. In *State v. Anderson*, 494 N.W.2d 876 (Minn. 1993), a prosecution for first degree criminal damage to property, the finder of fact was permitted to infer intent from the defendant's actions in throwing a security officer's two-way radio into a lake. *See also Barnslater v. State*, 805 N.W.2d 910, 915 (Minn. Ct. App. 2011) (finding evidence of intent to establish elements of fourth-degree criminal damage to property could be inferred where defendant knew that throwing property could damage it). Here, because James admitted to shooting the ATM, which caused $1,878 in damage, (*see* Gov't's Opp'n Mem. at 5) (citing PSR ¶ 15), and the Government possesses video evidence of the shooting, the facts clearly support the inference that by shooting at the machine with a rifle, James meant to damage it.

In sum, the Court appropriately considered the shooting of the ATM as conduct relevant to the charged offense under the advisory guidance of Section 2K2.1(b)(6)(B). Accordingly, there was no violation of the Fifth Amendment or Sixth Amendment and this ground of relief fails.

### D. Ineffective Assistance of Counsel

Defendant-Petitioner claims that his attorney should have challenged the constitutionality of Section 2K2.1(b)(6)(B) and its application to him. (Def.'s Mot. at 4.) The failure to do so, he argues, constituted ineffective assistance of counsel, in violation of the Sixth Amendment. (*Id.*) To obtain relief for ineffective assistance of counsel, James must show that his counsel's performance "fell below an objective standard of

9

reasonableness," and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Because the Court has rejected Defendant-Petitioner's underlying Section § 2K2.1(b)(6)(B) claims, they cannot form the basis for an ineffective assistance of counsel claim. This claim fails.

E. **Evidentiary Hearing and Certificate of Appealability**

A petitioner is entitled to an evidentiary hearing on a § 2255 motion, "[u]nless the motion and the files of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A petition can be dismissed without a hearing if: "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted). Because the record here shows that Defendant-Petitioner is not entitled to relief, he is not entitled to an evidentiary hearing.

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a Certificate of Appealability (COA). *See* 28 U.S.C. § 2253(c)(1)(B). A COA may be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir. 1997). To make the requisite showing, the movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Having considered the matter, the Court concludes that it is unlikely that another court would decide the

issues presented in this motion differently, or find resolution of the constitutional claims to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Pro Se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 35] is **DENIED**; and

2. The Court will **NOT** issue a Certificate of Appealability in this matter.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: July 31, 2017                                    s/Susan Richard Nelson
                                                        SUSAN RICHARD NELSON
                                                        United States District Judge